IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAVI PATEL | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | JURY TRIAL DEMANDED |
| CORRECTIONS, HERBERT L. | ) | |
| SIMMONS and LARRY WRIGHT, | ) | |
| | ) | |
| Defendants. | | |

# COMPLAINT

COMES NOW Plaintiff Ravi Patel ("Plaintiff" or "Patel") and files this *Complaint*, as follows:

## Introduction

1. This is a civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff is seeking compensatory and punitive damages for the May 16, 2013 beating inflicted upon him by Georgia Department of Corrections ("GDC") officers Herbert L. Simmons ("Simmons") and Larry Wright ("Wright")(collectively "Defendants") who, while acting under color of state law, used grossly excessive force against Patel, an inmate in a state penal institution,

without substantial justification, in violation of clearly established law, causing Patel injury.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, with supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

3. Patel has served the State with timely and proper ante litem notice and has met all prerequisites to file suit.

4. Venue is proper in this Court because one or more of the the Defendants resides therein.

## Parties

5. Patel is a resident of Gwinnett County, Georgia.

6. Defendant Simmons was at all times relevant to this action a Correctional Emergency Response Team ("CERT") officer at Coastal State Prison, in the employ of the GDC. On May 16, 2013 he maliciously and violently assaulted Plaintiff causing him injury. Officer Simmons subjected Plaintiff to excessive and retaliatory force without any legitimate need for force. He is sued in his official and individual capacities.

7. Defendant Wright was at all times relevant to this action a CERT officer at Coastal State Prison, in the employ of the GDC. On May 16, 2013 he

maliciously and violently assaulted Plaintiff causing him injury. Officer Simmons subjected Plaintiff to excessive and retaliatory force without any legitimate need for force. He is sued in his official and individual capacities.

8. Defendant GDC is a Georgia state agency capable of suing and being sued, organized and operated by authority of the Georgia law. The GDC is the agency responsible for overseeing and operating Coastal Sate Prison. The GDC is liable for the wrongful actions of its officers to the extent permitted by state and federal law.

**Facts**

9. On May 16, 2013, Mr. Patel was transferred from Gwinnett County Jail to Coastal State Prison to begin serving a prison sentence for a drug offense.

10. Mr. Patel was a first time offender, and had never been incarcerated at any facility prior to his incarceration at Coastal State. During his incarceration Patel's GDC inmate identification number was 1000981533.

11. Immediately upon arriving at Costal State, as he and other new inmates were being escorted off their transport bus, Mr. Patel was attacked by two Coastal State CERT officers, Larry F. Wright (ID#00987961) and Herbert Simmons (ID#00972751) as part of a "shakedown."

12. Upon information and belief, it was the established policy and custom at Coastal State to select at least one new inmate from each transport for a "shakedown" as a show of force and a display of authority by prison officials.

13. Upon information and belief, one, or more, policymaking official at Coastal State was aware of this custom or policy, yet deliberately failed to take any action to prevent it.

14. Mr. Patel, who was 22 years old at the time and weighed less than 140 pounds, was punched in his eye and nose, slapped across the face, and slammed against a wall, all within the first 15 minutes of his arrival at Coastal State, by Officers Wright and Simmons.

15. At the time of this attack, Mr. Patel was not violent, combative, or otherwise indicating any sort of threat or risk of harm to the officers or any other person.

16. As a result of this attack, Mr. Patel suffered a broken nose, as well as cuts and abrasions to his face and body. Officials from Coastal State photographed and documented Mr. Patel's injuries immediately following the attack.

17. While Mr. Patel received some very basic medical attention following the attack, he repeatedly complained to Prison officials that he

believed his nose was broken, yet despite repeated requests, no X-Ray was ever conducted to assess his nose.

18.     In fact, Patel's nose was a broken.  Since his release in March of 2014, he has seen an ear, nose, and throat specialist, who has diagnosed a deviated septum, and has confirmed, via X-Ray, that Mr. Patel did suffer a fractured nose in approximately May of 2013.

19.     Moreover, immediately following the attack, Patel began suffering from severe anxiety, insomnia, and depression, specifically, fearing that authority figures at the prison were out to get him.

20.     This emotional damage required repeated visits with prison mental health professionals throughout his incarceration, and has necessitated medication and continued therapy after his release.

21.     In fact, since his release Patel has been diagnosed with PTSD stemming from the attack he suffered while in custody.

22.     The amount of force used by Wright and Simmons was clearly disproportionate to any legitimate need for the use of force. At the time of the attack, Patel was securely in custody, and exiting a prison transport bus under guard.  He exhibited no violence, combativeness, or any other behavior that would necessitate the use of force under the circumstances.

23. Upon information and belief, Officer Wright resigned his employment with GDC as a result of his attack on Patel, admitting, in writing, that his behavior was an "embarrassment."

## Substantive Claims

Count I – Excessive Force: Violation of Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

24. By this reference, Plaintiff incorporates paragraphs 9-23 as if fully set forth herein.

25. Defendants, acting under the color of state law, violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution by using force "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The force used by the Defendants, while Plaintiff was handcuffed, unresisting, and in custody was excessive and beyond any force reasonably necessary to maintain order.

26. The Defendants acted with a malicious and retaliatory purpose to inflict harm and more than a *de minimis* force was applied. See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010).

27. Citizens may bring a private right of action, pursuant to 42 U.S.C. § 1983, against any person who, acting under color of state law, violates a clearly established constitutional right.

28. Simmons and Wright, acting in their capacity as GDC officers, employed excessive force when they attacked and injured Patel.

29. Simmons and Wright acted with the intent to cause injury, and/or with a deliberate indifference to, or reckless disregard for, Patel's constitutional rights, health, or safety when they attacked and injured Patel.

30. Moreover, Simmons and Wright acted in accordance with the established policy and custom at Coastal State by selecting Patel for, and subjecting Patel to, a violent "shakedown" for the purpose of making him an example to other new inmates.

31. Patel is entitled to recover all damages proximately caused by Defendants' use of excessive force.

## Count II – Assault and Battery

32. By this reference, Plaintiff incorporates paragraphs 9-23 as if fully set forth herein.

33. Use of excessive force is also actionable by the Georgia constitution and by state tort laws prohibiting assault and battery.

34. Defendants are individually liable for their violations of state law.

## Count III – Negligence

35. By this reference, Plaintiff incorporates paragraphs 9-23 as if fully set forth herein.

36. In the alternative, Defendants exhibited negligence in using an amount of force disproportionate to the need for any such force against Patel.

**WHEREFORE**, Plaintiff prays for the following relief:

(1) A trial by jury;

(2) Damages for all injuries proximately caused by the violation of his constitutional rights, including economic and compensatory damages;

(3) Punitive damages in an amount to be determined by the enlightened conscience of the jury due to the intentional and/or recklessly indifferent nature of the Defendants' conduct;

(4) Attorneys' fees and costs;

(5) All other relief that this Court deems just and proper.

Respectfully submitted, this May 6, 2015.

*/s/ Caleb Gross*
James Radford
Georgia Bar No. 108007
Caleb Gross
Georgia Bar No. 960323

Radford & Keebaugh, LLC
315 West Ponce De Leon Ave.
Suite 1080
Decatur, GA 30030
(678) 271-0300

*Attorneys for Plaintiff*